### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

MICHAEL D. RAYMOND, et al.,

      Plaintiff,

vs.                                                No. CIV-09-177 ACT/RHS

BRYAN NEAL, et al.,

      Defendants.

### ORDER DENYING MOTION TO AMEND AND CONTINUE TRIAL SETTING

This matter comes before the Court on Plaintiffs' Motion to Continue and Motion to Amend Complaint to Name Leif Arvidson Previously Identified as a John Doe Defendant filed on July 21, 2011 [Doc. 55]. In view of the August 9, 2011 trial date the Court held an emergency hearing on July 26, 2011. After carefully reviewing the docket and hearing arguments of counsel the Court will deny the motion but grant Plaintiffs' request to take the deposition of Leif Arvidson.

Background.

At issue is the production of an Albuquerque Police Department report regarding the February 1, 2007 incident involved in this lawsuit. Plaintiffs' claims arise out of two incidents. One occurred on January 30, 2007. Plaintiffs claim that Defendants entered Plaintiffs' property without permission and used excessive force on Michael Raymond in the process of arresting him. Plaintiffs claim that the second incident occurred on February 1, 2007, when law enforcement officers returned to Plaintiffs' residence and unlawfully evicted them based on code

1

violations which did not exist prior to Defendants entry on Plaintiffs' property.  Plaintiffs assert that the events of February 1, 2007 were a cover-up for the illegal activities of the Defendants on January 30, 2007.   Plaintiffs are seeking damages that arise from the events of January 30, 2007 as well as from the events of February 1, 2007.  The events of February 1, 2007 are central to the Plaintiffs' claims.

With regard to the February 1, 2007 police report, Plaintiffs claim that they made repeated oral requests to the Albuquerque Police Department in an effort to obtain a copy of the report.  Although Plaintiffs claim they were never able to obtain a copy of the police report directly from the Albuquerque Police Department, they did <u>nothing</u> by way of discovery in an effort to obtain this report or information about the report during the twenty eight months this matter has been pending.  Plaintiffs propounded <u>no</u> Requests for Production,  <u>no</u> Requests for Admission, <u>no</u> Interrogatories to Defendants and took <u>no</u> depositions.

Defendants claim that the police report was available through normal channels and that it was identified and produced or made available as part of Defendants' Rule 26 Initial Disclosures.  Plaintiffs claim they received a copy of the February 1, 2007 report for the first time on July 20, 2007. [Doc. 55.]

<u>Motion to Amend</u>.

Federal Rule of Civil Procedure 15(a) allows a complaint to be amended once as a matter of course before a responsive pleading has been filed.  Otherwise, the complaint can only be amended by leave of court or written consent of the adverse party.  Wright, Miller & Kane, <u>Federal Practice and Procedure: Civil 2d §1473</u>.  Further, the rule provides in part that leave to amend should be freely granted when justice so requires.  The right to amend is not absolute however and permission to amend rests within the sound discretion of the trial judge. *Foman v.*

2

*Davis*, 371 U.S. 178, 182 (1962).  A court may deny a motion to amend for any of a variety of different reasons, including a party's undue delay; dilatory motive on the movant's part; undue prejudice to the opposing party by virtue of allowance of the amendment; and futility of the amendment. *See, e.g., Id.*;  *Porter v. County of Bernalillo*, No. CIV 01-0008 PK/JHG, Memorandum Opinion and Order at 2 (D.N.M., Sept. 4, 2001)(Kelly, Circuit Judge, sitting by designation as trial judge).

   Here, Plaintiffs' Motion to Amend, filed on July 21, 2011 [Doc. 55], comes on the eve of trial which is set for August 9, 2011.  This Motion to Amend comes before the Court well over two years after the case was removed to federal court on February 20, 2009.  [Doc. 1.]   In addition, the  Scheduling Order in this case had been entered on May 19, 2009 [Doc. 7] and the Pretrial Order was entered on January 10, 2011. [Doc. 31.]   In addition, this matter had been set for trial on two previous occasions. [Doc. 33 and Doc.  45.]

The only explanation offered by the Plaintiffs for their extreme delay in filing the Motion to Amend is their assertion that they did not receive the February 1, 2007 police report authored by Leif Arvidson until July 20, 2011.  Yet, as discussed above, Plaintiffs did nothing during the entire course of this litigation by way of discovery to obtain this document.

   The Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend."  *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 799 (10th Cir. 1998)(internal punctuation omitted); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend."); *Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir.) (delay in presenting post-judgment amendment when moving party had opportunity to present amendment earlier is valid reason for refusal to permit amendment), *cert. denied* , 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119

(1997); *cf. Franks v. Nimmo*, 796 F.2d 1230, 1238 n. 4 (10th Cir.1986) (holding motion to amend complaint made two years after case was filed, after discovery was completed, and after partial summary judgment was granted was untimely).

Here, Plaintiffs' Motion to Amend is untimely and will be denied.  In addition, Plaintiffs' Motion to Amend [Doc. 55] did not comply with D.N.M.LR-Civ. 15.1 which requires that the proposed amendment to a pleading must accompany the motion to amend.  Plaintiffs also did not comply with D.N.M.LR-Civ. 7.1 (a) which requires a recitation that they made a good-faith attempt for concurrence with opposing counsel prior to filing the motion. [*Id.*].  Therefore, Plaintiffs' Motion to Amend will also be denied for failing to comply with the requirements of D.N.M.LR-Civ. 15.1 and D.N.M.LR-Civ. 7.1.

Deposition of Leif Arvidson

On March 28, 2011, Plaintiffs filed a Motion in Limine [Doc. 38] asking the Court to exclude all evidence regarding the events which transpired on February 1, 2007, including the introduction of the police report of the same date.  Now, Plaintiffs seek to amend the Complaint to add Leif Arvidson as a named defendant because he authored the police report dated February 1, 2007 and was a witness to the events of February 1, 2007.   Plaintiffs also seek to continue the trial in order to take his deposition.

Although the Court will not allow Plaintiffs to amend their Complaint to add Leif Arvidson as a defendant at this late date, the Court will allow Plaintiff to take his deposition as soon as possible but no later than August 5, 2011.

Motion to Continue

As discussed above, this case has been pending in federal court since February 20, 2009. [Doc. 1.]   A trial setting has been vacated on two previous occasions. [Doc. 33 and Doc. 45.]  At

the Pretrial Conference on July 18, 2011 [Doc. 53] counsel for Plaintiffs and Defendants stated they were ready for trial and want to proceed to trial on August 9, 2011.

    IT IS THEREFORE ORDERED

    a.    Plaintiffs' Motion to Amend Complaint to Name Leif Arvidson Previously Identified as a John Doe Defendant filed on July 21, 2011 [Doc. 55] is **DENIED**;

    b.    Plaintiff's request to take the deposition of Leif Arvidson is **GRANTED** provided it is taken on or before August 5, 2011; and

    c.    Plaintiffs' Motion to Continue [Doc. 55] is **DENIED**.

IT IS SO ORDERED.

                                                              _____
                                                              **ALAN C. TORGERSON**
                                                              **United States Magistrate Judge**