**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL D. RAYMOND, et al.,

        Plaintiff,

vs.                                                    No. CIV-09-177 ACT/RHS

BRYAN NEAL, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        This matter comes before the Court on Defendants Joe Martinez and the City of Albuquerque's Motion for Judgment as a Matter of Law or, in the Alternative, to Alter or Amend the Judgment and for a New Trial ("Motion for Judgment as a Matter of Law") [Doc. 116] filed on September 16, 2011. The Defendants seek Judgment as a Matter of Law on the jury's verdict for Plaintiffs Kathryn Raymond and Jennifer Holmes on their claims of malicious abuse of process. The Court, having considered the trial evidence, as well as the briefs and arguments of the parties, finds the Motion for Judgment as a Matter of Law should be granted in part and denied in part.

**BACKGROUND**

        All the Plaintiffs' claims at trial arose out of two incidents and the verdict on the malicious abuse of process claims are better understood with this brief summary. The first incident occurred on January 30, 2007. Plaintiffs claim that Defendants entered Plaintiffs' property without their permission to take pictures of alleged zoning violations. In the process of

taking pictures of the property, Defendants encountered Michael Raymond which lead to his arrest.  Plaintiffs allege that Defendant Officer Neal used excessive force on Michael Raymond in the process of arresting him.

The second incident occurred on February 1, 2007.  After allegedly trying to notify the Raymond Plaintiffs[1], law enforcement officers returned to Plaintiffs' residence  pursuant to an Inspection Order and Administrative Search Warrant from the Second Judicial District Court.  They entered the home of Michael and Kathryn Raymond through the front door and also entered the residence of Jennifer Holmes through an interior door of the Raymonds' residence.  The Raymonds and Ms. Holmes were evicted from their home/residence for several days based on alleged code violations both inside and outside the house on behalf of the Raymonds.

The trial took place on August 9, 2011, through August 12, 2011.  At the conclusion of the Plaintiffs' case, Defendants moved pursuant to Fed.R.Civ.P. 50 for judgment as a matter of law on all of the Plaintiffs' claims, including the state law claims for malicious abuse of process.  The Court granted the motions with the exception of the Plaintiffs' claims of malicious abuse of process and punitive damages.   At the close of all evidence, Defendants again moved for judgment as a matter of law on the Plaintiffs' malicious abuse of process claims and the Court decided "in an abundance of caution" to allow the malicious abuse of process claims of Plaintiffs Michael Raymond, Kathryn Raymond and Jennifer Holmes to be submitted to the jury. [2]

---

[1] Jennifer Holmes was not notified and was not identified on the Inspection Order and Administrative Search Warrant.  She lived in a part of the Raymonds' home which had the same address as the main residence.  There was evidence presented at trial that Defendant Martinez knew that Jennifer Holmes lived in that adjoining residence and knew that she was disabled.

[2] The other claims that were sent to the jury, which Defendants do not contest, were Michael Raymond's Fourth Amendment claims of excessive force and wrongful arrest.

On August 12, 2010, the jury returned their verdict and found for Plaintiffs Kathryn Raymond and Jennifer Holmes on their claims of malicious abuse of process and against Michael Raymond on his malicious abuse of process claim as well as his claims of excessive force and wrongful arrest. [Doc. 105.]  The jury awarded Plaintiff Kathryn Raymond $3,100.00 and Jennifer Holmes $100,000.00, respectively.  The Court entered its judgment on August 19, 2011. [Doc. 113.] [3]

In their Motion for Judgment as a Matter of Law [Doc. 116], Defendants ask the Court to reconsider its prior ruling denying judgment as a matter of law on Plaintiffs' malicious abuse of process claims and argue that Kathryn Raymond and Jennifer Holmes presented no evidence to support the jury verdict on the Plaintiffs' claims of malicious abuse of process. [Doc. 116 at p. 2.]

**I.  PROCEDURAL REQUIREMENT**

"Rule 50(b) . . . sets forth the procedural requirements for renewing a sufficiency of the evidence challenge after the jury verdict and entry of judgment." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400 (2006). The rule states, in relevant part, as follows.

> Renewing the Motion After Trial;  Alternative Motion for a New Trial.  If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.  No later than 28 days after the entry of judgment . . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or

---

[3]The Court entered an Amended Judgment *Nunc Pro Tunc* on September 30, 2011 [Doc. 121] to correct a clerical error.

(3) direct the entry of judgment as a matter of law.

Fed.R.Civ.P. 50(b).

There are two prerequisites to filing a Rule 50(b) motion.  Defendants' motion under Fed.R.Civ.P. 50(b) must be filed "[n]o later than 28 days after the entry of judgment."  Here, Defendants' Motion for Judgment as a Matter of Law was timely filed on September 16, 2011 [Doc. 116], 28 days after the judgment was entered on August 19, 2011 [Doc. 113].

The other prerequisite, and "one implicit in its nature as a renewed motion for judgment as a matter of law, is that the moving party has made a rule 50(a) motion for judgment as a matter of law during trial and that the party raised in the rule 50(a) motion all issues it seeks to raise in the subsequent rule 50(b) motion." *Guidance Endodontics, LLC v. Dentsply Intern. Inc*., 2010 WL 4054115, \*\* 9 -13  (D.N.M.)(unpublished opinion);  *Marshall v. Columbia Lea Regional Hosp*., 474 F.3d 733, 738 (10th Cir.2007)(noting that raising a particular defense in a "pre-verdict Rule 50(a) motion . . . is a prerequisite to a post-verdict motion under Rule 50(b).").

Here, Defendants move for judgment as a matter of law on the grounds of whether the evidence was sufficient to support Plaintiffs' claim that Joe Martinez committed the tort of abuse of process when he requested an Inspectorial Search Order and Administrative Search Warrant and obtained the Notice and Order Dated February 1, 2007.  Defendants' motion for judgment as a matter of law on Plaintiffs' malicious abuse of process claims is based on the same arguments made by Defendants at the close of Plaintiffs' case and at the close of the Defendants' case prior to sending the case to the jury.   Defendants therefore meet the second prerequisite under Rule 50(b).

## II.  LEGAL STANDARD

Much like a Rule 50(a) motion, "[a] renewed motion for judgment as a matter of law

under Rule 50(b) . . . must state the grounds on which it was made ." 9B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2537, at 604-05 (3d ed.2008). The Court, in deciding a Rule 50(b) motion, may allow judgment on the verdict, order a new trial, or direct the entry of judgment as a matter of law. Fed.R.Civ.P. 50(b). However, the Court should grant such relief "only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." *Murray v. Crawford, Jr.,* 2010 WL 3779482 at *4 (D.Colo.)(unpublished opinion)(quoting *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir.1993)).

The standard for ruling on a rule 50(b) motion is whether there was sufficient evidence upon which a reasonable jury could have arrived at the verdict that the jury returned. *See Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237, 1244 (10th Cir.2009)("A party is entitled to JMOL only if the court concludes that 'all of the evidence in the record ... [reveals] no legally sufficient evidentiary basis for a claim under the controlling law.'")(quoting *Hysten v. Burlington N. Sante Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir.2008)). Said another way, judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." *Hysten v. Burlington N. Sante Fe Ry. Co.*, 530 F.3d at 1260, 1269 (10th Cir. 2008). Finally, the court must draw all reasonable inferences in favor of the non-moving party. *See Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d at 1244 ("[W]e ... will reverse the district court's denial of the motion for JMOL 'if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'")(quoting *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1112 (10th Cir.2004)). It is not the court's province to "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Id.*; *see also*

*Murray v. Crawford, Jr.,* 2010 WL 3779482 at *4 (10th Cir. )(unpublished opinion).

## III. ANALYSIS

Defendants argue that Plaintiffs Kathryn Raymond and Jennifer Holmes failed to meet their burden at trial by failing to prove each element of the tort of malicious abuse of process. The elements of a malicious-abuse-of-process claim are: (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages. *Durham v. Guest*, 2009-NMSC-007 at ¶ 29, 145 N.M. 694, 701,  204 P.3d 19, 26.  Each element is essential to establishing a the claim of malicious prosecution.  *Id.*

The New Mexico state law tort of malicious abuse of process is a relatively new tort resulting from the decision of the New Mexico Supreme Court to combine the tort of abuse of process and the tort of malicious abuse of process in New Mexico.  *See Mosley v. Titus*, 762 F.Supp.2d 1298, 1314-1317 (D.N.M. 2010).  In *DeVaney v. Thriftway Marketing Corp.*, 1998-NMSC-001, 124 N.M. 512, 953 P.2d 277 (filed 1997), *overruled on other grounds* by *Durham*, 2009-NMSC-007, 145 N.M. 694, 204 P.3d 19, the Supreme Court of New Mexico reviewed the purposes and elements of the torts of abuse of process and malicious prosecution and concluded that the two torts would no longer be separate causes of action and restated their elements into a single tort—malicious abuse of process. *DeVaney v. Thriftway Marketing Corp*, 1998-NMSC-001 at ¶17, 124 N.M. at 518, 953 P.2d at 283 .  The tort of malicious abuse of process involves balancing "the interest in protecting litigants' right of access to the courts and the interest in protecting citizens from unfounded or illegitimate applications of the power of the state through the misuse of the courts."  *DeVaney*, 1998-NMSC-001 at ¶14, 124 N.M. at 517, 953 P.2d at 282. The New Mexico tort of malicious abuse of process is disfavored, because of "the potential

chilling effect on the right of access to the courts." *Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047, at ¶ 19, 142 N.M. 150, 156, 164 P.3d 31, 37(citation omitted).  New Mexico courts state that the tort of malicious abuse of process should be construed narrowly to protect the right of access to the courts.  *See Durham*, 2009-NMSC-007, 145 N.M. 694, 204 P.3d 19; *Weststar Mortg. Corp. v. Jackson*, 2003 NMSC 002 at ¶ 6, 133 N.M. 114, 119, 61 P.3d 823, 828 (filed 2002).  "[T]he filing of a proper complaint with probable cause, and without any overt misuse of process, <u>will not subject a litigant to liability for malicious abuse of process, even if it is the result of a malicious motive</u>." *DeVaney*, 1998-NMSC-001 at ¶ 20, 124 N.M. at 520, 953 P.2d at 285 (emphasis added).

The first element, an improper use of process, may be shown several different ways.  First, a plaintiff may satisfy this element by showing that a complaint was filed without probable cause. *Durham v. Guest*, 2009 NMSC 007 at ¶ 29,  145 N.M. at 701, 204 P.3d at 26.  In addition, a plaintiff may demonstrate a misuse of procedural devices such as discovery, subpoenas, or attachments, or an irregularity or impropriety in the proceeding suggesting extortion, delay, or harassment. [*Id.*]

The second requirement of the tort of malicious abuse of process is to show that a primary improper motive in the use of process was to accomplish an illegitimate end.  It is "insufficient that the malicious-abuse-of-process defendant acted with ill will or spite.*" DeVaney,* 1998-NMSC-001 at ¶ 29, 124 N.M. at 522, 953 P.2d at 287.  The Supreme Court of New Mexico has given several examples of improper purpose, including: (1) a litigant who pursues a claim knowing that the claim is meritless; (2) a litigant who pursues a claim primarily to deprive another of the beneficial use of his or her property in a manner unrelated to the merits of the claim; (3) a litigant who misuses the law primarily for harassment or delay; or (4) a

litigant who initiates proceedings primarily for the purpose of inducing settlement in an unrelated matter or proceeding or some other form of extortion.  *Id.*   "While an overt misuse of process, such as a lack of probable cause, or an excessive attachment, may support an inference of an improper purpose it may not be inferred from evidence of an improper purpose alone that there was not probable cause [citations omitted] or that there was not a proper use of process, and the burden of proving the overt act by independent evidence remains upon the plaintiff."  *Id.*

As discussed above, it is the Plaintiffs' burden to establish each element of the tort of malicious abuse of process.  First, with respect to Ms. Raymond, she did not satisfy the first element because the evidence at trial reflected that Defendants had probable cause to search the Raymond house at 11415 Bar Harbor St., NE.  The Defendants received an Inspection Order and Administrative Search Warrant from the Second Judicial District Court on February 1, 2007, signed by Judge Kenneth Martinez.  Judge Martinez found that the City made a "sufficient showing that an inspectorial search and administrative search of the premises . . . described in the application" was in accordance with legislative or administrative standards and complied with applicable City of Albuquerque Ordinances and State statutes. . . [and] "that there is probable cause to believe that there now exists violations of the City of Albuquerque's Uniform Housing Code."   Trial Exhibit H at Ex. "B."

Probable cause is "the reasonable belief, founded on known facts established after a reasonable pre-filing investigation.*"  DeVaney v. Thriftway Mktg. Corp.*, 1998-NMSC-001 at ¶ 22, 124 N.M. at 520, 953 P.2d at 285.  A lack of a reasonable belief for determining probable cause, as an element of malicious abuse of process, "must be manifest" (internal quotation marks and citation omitted).  *Lenscrafters, Inc. v. Kehoe,*  2010 WL 4924992  at *6 (N.M.App.)(quoting *Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047 at ¶ 13, 142

N.M. 150, 164 P.3d 31); *see also  Hiner v. Southern Farm Bureau Cas. Co.*  2009 WL 6662910 at *2 (N.M.App.)(unpublished).  Because Ms. Raymond did not meet the first element of the tort of malicious abuse of process, she failed to meet her burden on the her claim and judgment as a matter of law must be granted for the Defendants.

Ms. Holmes' claim requires a different analysis.  She was not named in the Application for  Inspectorial Search, nor did her name appear on the Inspection Order and Administrative Search Warrant. (Trial Exhibit  H.)  Her home, Section 8 independent living quarters, had the same address as the Raymond home, which of course was the same address that appeared on the Application for Inspectorial Search and on the Inspection Order and Administrative Search Warrant.  However, the Application failed to mention Ms. Holmes or allege any violations on her behalf.  There was evidence at the trial that Mr. Martinez was aware that Ms. Holmes lived at that same address in an adjoining, independent Section 8 living quarters and that she was disabled.

Defendants assert that there was no process or judicial proceeding initiated against Ms. Holmes.  That begs the question since she was clearly affected by the process and the proceedings initiated by the Defendants.  Without any notice or process, her home was broken into by armed police officers, she was forced outside in the cold without proper clothing and evicted from her home for several days.   The Defendants appear to be taking the position that this is merely "collateral damage" for which there is no remedy.  To the contrary, the Court concludes under these circumstances, the jury could find that the complete lack of process for Ms. Holmes was a malicious abuse of process in that there was an irregularity or impropriety in the Application because Mr. Martinez completely failed to mention Ms. Holmes.

With regard to the second element, there was testimony from the Raymonds based upon

which a jury could conclude Defendants obtained the search warrant for the Raymond's address knowing that the grounds for the warrant were illegitimate as to Jennifer Holmes.  As discussed above, under the requirement of a primary improper motive, the malicious abuse of process defendant must act with ill will or spite <u>with the purpose to accomplish an illegitimate end.</u>  *See DeVaney v. Thriftway Mktg. Corp.*, 1998-NMSC-001 at ¶ 29, 124 N.M. at 522, 953 P.2d at 287. Based on the evidence, the jury could conclude that Defendants were so intent on evicting the Raymonds that they completely disregarded Ms. Holmes.  Defendants' failure to disclose Ms. Holmes' independent living arrangement at the Raymond's address to the court when they requested the search warrant could be construed by the jury as an attempt by the Defendants to accomplish an illegitimate end.  Specifically, considering Defendants complete disregard of Ms. Holmes, the jury could conclude that Defendants' purpose was to deprive her of her property in a manner unrelated to the merits of the claims in the warrant, acting with ill will and with the intent to accomplish an illegitimate end.

Ms. Holmes also satisfied the third element of her claim by demonstrating that she suffered damages.  The testimony of Ms. Holmes was clearly sufficient to establish her claim for damages.

THEREFORE,  Defendants Joe Martinez and the City of Albuquerque's Motion for Judgment as a Matter of Law or, in the Alternative, to Alter or Amend the Judgment and for a New Trial is GRANTED as to Kathryn Raymond and DENIED as to Jennifer Holmes. Judgment will be entered accordingly.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE